(The Commonwealth *v*. the Administrators of Patrick Farrelly, deceased)

the bond was not to have a retrospective but a prospective operation, and that the bail consequently could not be liable.    He cited 9 *Wheat. Rep.* 680. 9 *Cranch Rep.* 212.

The court would not hear *Derrickson* in reply, and reversed the judgment of the court below.

---

## JAMES M'BRIDE *against* WILLIAM HOEY.

### IN ERROR.

A purchaser of unseated lands, sold for the payment of a direct tax, in pursuance of the act of Congress, and having in his possession a deed from the collector, who was authorized to make the sale, has such a right as will authorize him to redeem the same lands, from a person who had purchased them at a treasurer's sale, for taxes, made in pursuance of the act of assembly.

*William Hoey*, who was the plaintiff below, brought this action of ejectment in the court of common pleas of Mercer county, to recover from *James M'Bride*, a tract of land, No. 41, in the third donation district, containing five hundred acres.

The plaintiff claimed title by virtue of a deed made to him by the treasurer of Mercer county, on a sale for taxes; and in order to show the sale by said treasurer, gave in evidence the assessment of a county and road tax upon the land, for the year 1820; the assessment of a road tax for the year 1821, and the sale book furnished by the commissioners to the treasurer; and then offered the deed from the treasurer to the plaintiff, *William Hoey*, and his bond to the treasurer, for the surplus purchase money, after the payment of the taxes due upon the land.    The defendant objected to the evidence of the deed and bond, because the plaintiff had not shown that a county tax had been assessed on the land for the year 1821, and the bond was for too small a sum by three dollars and fifty cents; therefore, the deed was void.    The evidence being admitted by the court, the defendant excepted to the opinion.

The defendant then offered in evidence a receipt of the treasurer of Mercer county, to *William Clark*, for twenty-seven dollars and three and a quarter cents, dated within two years of the time of the sale to the plaintiff, and which was paid to redeem the said land: and in order to shew that *William Clark* had a right to redeem, offered in evidence a deed from *Theophilus T. Ware*, collector of the revenue in the 10th District of Pennsylvania, to *William Clark*, for said tract of land, dated 3d July, 1821: which evidence was objected to by the plaintiff, and rejected by the court, who sealed a second bill of exceptions.

A verdict and judgment were rendered for the plaintiff.

(James M'Bride *v.* William Hoey.)

It was here assigned for error, that the court below admitted ‧the evidence mentioned in the first bill of exceptions, and rejected that mentioned in the second.

His honor the chief justice, mentioned that the opinion of the court upon the validity of the treasurer's sale to the plaintiff below, had been formed upon a former argument of the cause, and now desired the counsel to confine their remarks to the second bill of exceptions.

*Bredin* and *Baldwin* for plaintiff in error.—Any person having a claim, or equitable interest in land, which has been sold for taxes, may redeem it by complying with the provisions of the act of assembly, for that purpose; as a judgment creditor, mortgagor or mortgagee; a tenant in common, or heir at law for his co-tenant or co-heir; a son for his father, or an agent for his principal. But any one who has colour of title, has clearly a right to redeem: here *Clark,* the claimant under the deed from *Ware,* had at least a colour of title, and such a one as would entitle him to hold the five hundred acres by the statute of limitations, although but a small part of the tract may have been actually cleared and occupied. Even if he had no deed, his bare possession was a sufficient title to authorize him to redeem. It is immaterial to the purchaser at the tresurer's sale, who redeems, provided the taxes, and costs, and his money, and twenty-five per cent. thereon, are paid to him.

*Banks* and *Pearson* for defendant in error.—The deed and receipt were not evidence. In ejectment, in Pennsylvania, a defendant may rest upon his possession; he may shew title in himself, or in a third person, but in doing so, he must make out that title by the usual and well established rules of evidence; and the title thus relied on, must be a good subsisting title at the time: the deed of an individual is not evidence until title is shown in the grantor. *Lessee of Peters* v. *Condron,* 2 Serg. *&* Rawle, 83. *Hone* v. *Long,* 10 Serg. *&* Rawle, 10. A sheriff's deed is not evidence against a stranger, until the judgment and execution are shown. *Lessee of Wilson* v. *M'Veagh,* 2 Yeates' Rep. 87. Run. on Eject. 117. *Weyand* v. *Tipton,* 5 Serg. *&* Rawle, 332. Title must also be shown in the person as whose property it was levied and sold. *Little* v. *Delancey,* 5 Bin, 270. *Kennedy* v. *Bogert,* 7 Serg. *&* Rawle, 98. A treasurer's deed is not evidence, unless the treasurer's authority for making sale is first shewn. *Blair* v. *Waggoner,* 2 Serg. *&* Rawle, 472. *Birch* v. *Fisher,* 13 Serg. *&* Rawle, 208. *Waln* v. *Shearman,* 8 Serg. *&* Rawlc, 359. *Stewart* v. *Shoenfelt,* 13 Serg. *&* Rawle. 371–2.

No one but the owner at the time of the sale can redeem; such is the provisions of the law itself: the sale vests the title of the real owner in the purchaser, who holds that title defeasable in a certain way, and by the owner alone. The doctrine contended for by the counsel for the plaintiff in error, would enable a person not holding title, to divest a good title, which cannot be the law. The pur-

(James M'Bride *v.* William Hoey.)

chaser gives a bond for the surplus above the amount of the taxes and costs, for the use of the owner of the land: the owner has a' vested interest in that bond; can a stranger avoid his right to its amount? Could he give a receipt for it, which would protect the purchaser against the owner? Could he recover from the purchaser the amount of the bond? Certainly not: and he cannot do indirectly, what he cannot do directly: he cannot cancel the bond, by redeeming the land, when he cannot do it by receiving the amount thereof, or releasing the obligation. The owner, upon the redemption of the land, may sustain his action of ejectment against the purchaser. It will not be contended that the title here shown, or rather offered in evidence, would enable the plaintiff in error to sustain his action. If a defendant depends on his title, or that of a third person, he must shew such an one as would enable him or them, if plaintiffs, to recover the land, otherwise it will not protect him in the possession.

The judgment was reversed, and a *venire facias de novo* awarded.